IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WENDELL L. CRUSE,

            Plaintiff,

v.                                    CIVIL ACTION  NO.  3:13-18768

DAN FRABRIZIO, WSAZ News Director,
GRAY TELEVISION,
And WSAZ NEWS CHANNEL THREE

            Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Wendell L. Cruse's Objections (ECF No. 26) to Magistrate Judge Cheryl A. Eifert's Proposed Findings and Recommendations (ECF No. 23). For the reasons stated below, Plaintiff's Objections (ECF No. 26) are **DENIED**, and the Magistrate's Proposed Findings and Recommendations (ECF No. 23) are **ADOPTED in full**. The Court accordingly **GRANTS** Defendants' Motion to Dismiss (ECF No. 11) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

## I.      Background

Plaintiff was arrested by the Boyd County, Kentucky, Sheriff's Department in June 2009 on multiple charges, including trafficking a controlled substance. News Release, June 6, 2009, ECF No. 11-3. The Department issued a news release on the day of his arrest:

> Wendell Cruse was stopped in the 300 block of 35th Street for a traffic violation, [and] upon further investigation a large amount of prescription drugs, ledgurs [sic], cash money, and money grams to Florida were recovered. Pill bottles were prescribed to other people in the area. Cruse described himself as a mule that only

1

transports people [and] pills for a fee. The owners are being looked at as [a] connection to Florida Pill Pipeline to the local area.

*Id*. WSAZ published an online article later that same day, entitled "Man Calls Self 'Mule' in Drug Pipeline," which stated, in its entirety:

> CATLETTSBURG, Ky. (WSAZ) -- A man who describes himself as a "mule" and delivers prescription pills for a fee was arrested and charged Saturday.
>
> According to a news release from the Boyd County Sheriff's [D]epartment, Wendell Cruse was stopped in the 300 Block of 35th Street for a traffic violation. Deputies searched his car and found a large amount of prescription drugs, ledgers, cash and money grams to Florida.
>
> Police say the bottles had the names of people from the Catlettsburg area on them.
>
> Cruse told police he just delivered the pills for a fee. He is 51 and from Chesapeake, Ohio.
>
> He is facing several charges including trafficking a controlled substance within one-thousand feet of a school.
>
> Deputies say they are looking at this case as a part of a pill pipeline out of Florida sending drugs to the area.

*Man Calls Self "Mule" in Drug Pipeline*, WSAZ (June 6, 2009), http://www.wsaz.com/searchresults?searchKeywords=wendell+cruse&group1=phrase&time=3000&sort=date&sType=articles, ECF No. 1 at 9.

Years later, in August 2012, Plaintiff was stopped by the Bowling Green, Ohio, Police Department for a traffic violation, and his vehicle was searched pursuant to a warrant. Compl. ¶¶ 7-8, ECF No. 1 at 1-6. When Plaintiff later read the clerk's file for that case, he discovered the existence of the WSAZ article, about which he had previously been unaware. *Id.* ¶ 10. Plaintiff later requested, both over the phone and in writing, that WSAZ remove the article from the website, arguing that it was false and defamatory because he had never described himself as a

2

mule or said that he delivered pills for a fee. *Id.* ¶¶ 11-13. WSAZ has not removed the article from its website.

Plaintiff subsequently filed the instant Complaint, including the following claims: Count I- libel; Count II- intentional infliction of emotional distress; Count III- negligent infliction of emotional distress; and Count IV- punitive damages. *Id.* at 3-5. Defendants then filed the pending Motion to Dismiss. ECF No. 11. This motion was referred to Magistrate Judge Eifert for proposed findings of fact and recommendations for disposition. In her Proposed Findings and Recommendations ("PF&R"), ECF No. 23, the Magistrate recommended that Plaintiff's Complaint be dismissed in its entirety for failure to state a claim for which relief can be granted. Plaintiff subsequently filed Objections to the PF&R, ECF No. 26, arguing that: 1) the Magistrate failed to resolve the issue of whether the article was true and Plaintiff's assertion of its falsity "should have required the Defendant's [sic] to provide more evidence"; 2) the Magistrate failed to consider whether calling Plaintiff a mule was per se defamation; and 3) even if the article was protected by the fair report privilege, Defendants should have removed the article and printed a retraction once Plaintiff told Defendants of the article's falsity. Plaintiff's objections are ripe for resolution.

## II.    Standard of Review

This Court's review of the portions of the PF&R to which Plaintiff objects is de novo. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Before proceeding to explain his three objections, Plaintiff states that he "objects to the Magistrate's Report in its entirety." Objections

at 1. Although this Court will construe Plaintiff's pro se Complaint liberally, the Court is not required to conduct a de novo review of the whole decision in the face of Plaintiff's generalized assertion that he objects to the *entire* PF&R. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have . . . held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." (citing *United States v. Mertz*, 376 U.S. 192 (1964) and *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980))). Therefore, although the Court will indeed review the specific objections made by Plaintiff, it will not conduct a de novo review of the entirety of the Magistrate's PF&R.

### III.   Discussion of Objections

#### A.  Resolving the truth of the article

Plaintiff objects to the Magistrate's decision not to resolve the issue of whether the information contained in WSAZ's article was in fact true. Specifically, Plaintiff believes that his assertions about the falsity of the information "when taken as true should have required Defendant's [sic] to provide more evidence." Objections at 1. The Magistrate explained why she did not need to reach the issue of whether the information in the article was true or false: "In view of the fair report privilege afforded to the publication of the Article, the undersigned need not resolve the issue of truth." PF&R at 7 n.2.

To prove a claim for defamation under West Virginia law, the plaintiff must prove: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Syl. pt. 1, *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70 (W. Va. 1983). One privilege which would negate satisfaction of the second element is the fair report privilege. *See*

syl. pt. 6, *Hinerman v. Daily Gazette Co., Inc.*, 423 S.E.2d 560 (W. Va. 1992). If that second element is negated, then it is unnecessary to resolve the other elements required in order to prove a defamation claim, including the element that the statement made was false. The Magistrate found that the article falls within the fair report privilege—a finding that Plaintiff did not specifically object to—, making it proper for the Magistrate to decline to rule on the issue of whether the information contained in the article was false. With that finding made, neither was it necessary for Defendants to proffer evidence regarding the truth of the article. Therefore, this objection is rejected.

**B.  Whether calling Plaintiff "a mule" is per se defamation**

Plaintiff's second objection states, quite simply, that the "Magistrate's Report fail[ed] to consider that Calling Plaintiff A Mule is per se Defamatory." Objections at 2. In making this objection, it appears that Plaintiff misunderstands the significance of labeling statements to be "per se defamation." "Libelous statements . . . can be defamatory on their face (*per se*) or by inference combined with extrinsic facts that give rise to a meaning that damages a person's reputation (*per quod)*." *Workman v. Kroger Ltd. P'ship I*, No. CIV.A. 5:06-CV-00446, 2007 WL 2984698, at *4 (S.D. W. Va. Oct. 11, 2007). "At common law, defamation per se includes only imputations of a crime of moral turpitude, imputations of a loathsome disease, imputations of sexual misconduct by a woman, and imputations which affect a business, trade, profession or office." *Mauck v. City of Martinsburg*, 280 S.E.2d 216, 219 n.3 (W. Va. 1981). Even if a statement constitutes defamation per se, this does not mean that the plaintiff automatically succeeds on his or her defamation claim; rather, common law defenses are still available in such instances, including qualified privileges. *See id.* at 218-21 (discussing per se defamation compared to West Virginia's insulting words statute and explaining that "the common law

5

defenses of privilege and truth along with any First Amendment defenses are available" for both sorts of claims); *see also Workman*, 2007 WL 2984698, at \*5-7 (after finding that the statement at issue constituted defamation per se and therefore satisfied the first element of the defamation analysis, proceeding to determine if the statement constituted a non-privileged communication to a third party, including whether the defense of privilege applied).

Because the Magistrate determined that the defense of privilege applied, Plaintiff could not satisfy all elements of a defamation claim under West Virginia law, regardless of whether the article constituted defamation per se. Therefore, it was unnecessary to engage in a more detailed analysis of whether the article constituted per se defamation. This objection is accordingly rejected.

### C.  Whether Defendants were required to remove the article

Lastly, Plaintiff objects that even if the fair report privilege applies, "once Plaintiff informed Defendant's [sic] that the article was untrue[,] . . . Defendant's [sic] should be under an affirmative obligation to prove the information was true, or remove it and print a retraction, as Plaintiff has requested." Objections at 2. Plaintiff has provided no legal argument in support of the assertion that even if the fair report privilege applies, Defendants are nonetheless obligated to remove the article and/or print a retraction, and this Court has found none. Furthermore, as explained above, Defendants are not under an obligation to prove that the information in the article is true simply because Plaintiff argues that the information is false. Rather, Defendants are only required to prove the truth of the information presented if Plaintiff's defamation claim survives Defendants' Motion to Dismiss, and as explained above, Plaintiff's claim does not survive Defendants' Motion to Dismiss because the fair report privilege applies. Because the fair report privilege applies, barring Plaintiff's claim, the truth or falsity of the information in the

article essentially becomes irrelevant. Plaintiff is only entitled to a legal remedy if he has a successful underlying claim, and all of Plaintiff's claims have been dismissed for the reasons explained above and in the Magistrate's PF&R. Therefore, this Court cannot order Defendants to remove and/or retract the article.

Although Plaintiff has requested Defendants to remove the article, such a request does not trigger a legal obligation to remove an article where one does not otherwise exist. Although news agencies purport to act under certain ethical and professional obligations—and removing or redacting a story in circumstances such as this may or may not fall within those ethical and professional obligations—, news agencies simply are not under a *legal obligation* to prove that the information that they report is true or to redact or remove a news story in a situation like this one.

### IV.    Conclusion

For the reasons stated above, Plaintiff's objections (ECF No. 26) are **DENIED**, and the Magistrate's Proposed Findings and Recommendations (ECF No. 23) are **ADOPTED in full**. The Court accordingly **GRANTS** Defendants' Motion to Dismiss (ECF No. 11) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        July 2, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE

7